# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Docket no. 2:10-cr-34-GZS |
| | ) |
| JUDITH SCHICKLE, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON MOTION TO DISMISS COUNT ONE

Before the Court is Defendant's Motion to Dismiss Count One of the Indictment (Docket # 15). The Government filed its opposition to the Motion (Docket # 21) on June 1, 2010. Defendant filed no reply. Having reviewed the written submissions from both sides, the Court hereby DENIES the Motion.

On March 10, 2010, Defendant Judith Schickle was charged in a four-count indictment (Docket # 1). Count One charges Shickle with health care fraud in violation of 18 U.S.C. § 1347. Counts Two through Four charge Schickle with embezzlement from a health care benefit program in violation of 18 U.S.C. § 669. Count One of the Indictment specifically alleges that Defendant's health care fraud stretched from "about early 2002 until April 5, 2005." (Indictment at 5.)

Both Defendant and the Government agree that 18 U.S.C. § 3282 sets the applicable five year statute of limitations for the offense charged in Count One. Given this statute of limitations, the Government's ability to include conduct committed prior to March 10, 2005 turns on whether the offense charged can be deemed a continuing offense. Defendant moves to dismiss Count

One on the grounds that health care fraud is not a continuing offense. The Government, however, presents a compelling argument that health care fraud is a continuing offense. The Government's argument relies on the similarities between the health care fraud statute, 18 U.S.C. § 1347, and the bank fraud statute, 18 U.S.C. § 1344. The First Circuit has stated repeatedly that bank fraud can constitute a continuing offense. See United States v. Munoz-Franco, 487 F.3d 25, 55 & n.32 (1st Cir. 2007); United States v. Scott, 270 F.3d 30, 36 (1st Cir. 2001). Defendant has offered no explanation as to why the reasoning found in these bank fraud cases should not be applied to the analogous health care fraud statute. In short, the Court concludes that a violation of 18 U.S.C. § 1347 requires the development and execution of a scheme to defraud and, thus, is properly charged as a continuing offense. See, e.g., United States v. Mermelstein, 487 F. Supp. 2d 242, 250 (E.D.N.Y. 2007); United States v. Refert, No. CR 05 30090, 2007 WL 30292 at *1-*2 (D.S.D. 2007). As such, Count One may include allegations of conduct committed prior to March 10, 2005. For this reason, the Court declines to dismiss Count One on statute of limitations grounds.[1]

Defendant also argues that Count One should be dismissed because it is duplicitous. "Duplicity is the joining in a single count of two or more distinct and separate offenses." United States v. Martinez Canas, 595 F.2d 73, 78 (1st Cir. 1979). "The prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." United States v. Valerio, 48 F.3d 58, 63 (1st Cir. 1995). In this case, Count One charges one crime – execution of a scheme to defraud a health care benefit program. The Government decision to charge the acts alleged as an execution of a single scheme was within its discretion.

---

[1] As the Government indicates in its Response, Defendant is free to propose a jury instruction that addresses any lingering statute of limitations concerns.

See, e.g., United States v. Davis, 471 F.3d 783, 791 (7th Cir. 2006) (finding no duplicity when the indictment "sets out an ongoing and continuous course of conduct, accomplished through three different methods, that were repeated on numerous (likely daily) occasions over several years"); see also United States v. King, 200 F.3d 1207, 1213 (9th Cir. 1999) (holding in the context of the analogous bank fraud statute that "each execution of a scheme to defraud need not give rise to a charge in the indictment"). Following the reasoning of Davis and King, the Court concludes that Defendant's argument that Count I should be dismissed as duplicitous is also without merit.

For these reasons, the Court hereby DENIES Defendant's Motion to Dismiss Count One of the Indictment (Docket # 15).

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 1st day of July, 2010.